UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC SIMPSON, #227605,

      Petitioner,

v.                               CASE NO. 16-CV-13909
                                HONORABLE GERSHWIN A. DRAIN

JOSEPH BARRETT,

      Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Cedric Simpson ("Petitioner") was convicted of surveilling an unclothed person and defrauding an innkeeper in the Macomb County Circuit Court and was sentenced as a third habitual offender to concurrent terms of five to 10 years imprisonment and 90 days in jail in 2013. In his petition, he raises a claim concerning the conduct of the prosecutor in eliciting a police officer's opinion testimony. Respondent has not yet filed an answer to the petition or the state court record. Those materials are due in February, 2017. This matter is now before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust remedies on additional claims concerning the pre-trial

identification procedures and his identification at trial, the admission of his mugshot, and the validity of his sentence.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of a petitioner's claims before he can present those claims on habeas review. Otherwise, a federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must

also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. He may then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted

claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner shows the need for a stay. He wishes to pursue new claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner seeks to present new issues and alleges that appellate counsel was ineffective for failing to previously present them to the state courts, which may provide good cause. Lastly, at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall stay the proceedings and hold the exhausted claim in the current petition in abeyance pending Petitioner's pursuit of state court remedies as to any unexhausted claims. The Court make no determination as to the timeliness of any claims or the procedural or substantive merits of any claims.

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 60 days of the date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this

Court with a motion to reopen and amend the petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, the case is closed for administrative purposes pending compliance with these conditions.

    **IT IS SO ORDERED**.

                            /s/Gershwin A Drain
                            GERSHWIN A. DRAIN
                            UNITED STATES DISTRICT JUDGE

Dated: December 19, 2016

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 19, 2016, by electronic and/or ordinary mail.

                            /s/Tanya Bankston
                            Case Manager, (313) 234-5213